# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:18-cv-00045-JHM

COMMERCIAL WAREHOUSE                                         PLAINTIFFS
LEASING, LLC, et al

v.

KENTUCKY TRANSPORATION CABINET,                              DEFENDANT
DEPARTMENT OF HIGHWAYS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss by defendant Kentucky Transportation Cabinet, Department of Highways ("KYTC"). (DN 12.) Also before the Court is a motion to amend the complaint by plaintiff Commercial Warehouse Leasing, LLC ("CWL"). (DN 15.) Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

According to the complaint, CWL owns and operates an industrial storage facility on U.S. 41A in Madisonville, Kentucky. (Pl.'s Compl. [DN 1] ¶ 2.) KYTC owns a parcel of real property that abuts both CWL's property and U.S. 41A. (*Id.* ¶ 4.) This parcel is burdened by an easement that belongs to CWL and allows tractor-trailers to enter and leave CWL's property via U.S. 41A. (*Id.* ¶¶ 2, 4.) KYTC is also the state agency responsible for designing and maintaining Kentucky's highway system. (*Id.* ¶ 4.)

KYTC made the decision to transform U.S. 41A in Madisonville into a "partially controlled access highway," meaning that entrances onto the highway must be located at least 600 feet apart from one another. (*Id.* ¶ 17.) The official order associated with this decision will result in the closure of CWL's access easement onto U.S. 41A. (*Id.* ¶ 20.) This is problematic for CWL, as

the only other routes into and out of CWL's property go across privately-owned land or lead to roads that do not permit tractor-trailers with weight loads exceeding 44,000 pounds. (*Id.* ¶¶ 14–16.) CWL notified KYTC that it objected to this proposal. (*Id.* ¶ 21.)

KYTC filed condemnation proceedings against CWL's property in Hopkins Circuit Court on September 27, 2017.[1] (*Id.* ¶ 25.) CWL then filed this action against KYTC, seeking numerous declarations of rights under the federal Surface Transportation Assistance Act (Counts I–V), quiet title to its easement (Count IV), and injunctive relief prohibiting KYTC from implementing its order and discontinuing CWL's access to U.S. 41A (Count VII). (*Id.* ¶¶ 27–74.) After filing an answer (DN 8), KYTC moved to dismiss the complaint, arguing that the Court lacked jurisdiction to hear claims against it under the Eleventh Amendment. (DN 12.) Before filing a response, CWL filed a motion to amend its complaint so as to add Greg Thomas, the secretary of KYTC, as a defendant in his individual capacity and cure any jurisdictional defect. (DN 15.) Both motions have been fully briefed.

## II. DISCUSSION

There are two issues before the Court: whether KYTC's sovereign immunity under the Eleventh Amendment deprives the Court of subject matter jurisdiction, and whether CWL should be permitted to amend its complaint so as to add Thomas as a defendant. The Court must first address its subject matter jurisdiction, as jurisdiction is "a threshold matter" that must be established before the Court can proceed onto any other issue. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). Further, the Sixth Circuit has stated that "[t]he sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State[.]" *Russell v. Lundergan-Grimes*, 784 F.3d

---

[1] While the complaint states that the case was filed on September 27, 2018, the case has a 2017 case number associated with it, leading the Court to believe that the inclusion of this yet-to-occur date was a mistake.

1037, 1046 (6th Cir. 2015) (citations omitted).  As such, the Court must first turn to the issue of sovereign immunity.[2]

KYTC claims that, as an arm of the Commonwealth of Kentucky, it is entitled to sovereign immunity under the Eleventh Amendment.  "[T]he sovereign immunity of the states . . . extends to actions brought against a state by its own citizens." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (quotations omitted).  It applies "not only to the states themselves, but also to 'state instrumentalities.'" *S.J. v. Hamilton Cty.*, 374 F.3d 416, 419 (6th Cir. 2004) (quotations omitted).  This Court has previously concluded that "KYTC is an arm of the state for the purposes of sovereign immunity." *Martin v. U.S. Dep't of Transp.*, 2017 WL 3174939, at *3 (W.D. Ky. July 26, 2017) (collecting cases).  As such, "the Eleventh Amendment bars this lawsuit against KYTC unless an exception to sovereign immunity is established." *Id.* (citations omitted).

CWL argues that one such exception does apply, as the Eleventh Amendment allows "a suit against a state official seeking prospective injunctive relief to end a continuing violation of federal law." *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2001) (citing *Ex parte Young*, 209 U.S. 123 (1908)).  However, CWL bases this argument entirely on the allegations contained in its proposed amended complaint, which includes Thomas as a defendant.  The Court cannot consider the proposed amended complaint in determining if it has subject matter jurisdiction over the dispute, as the allegations in the amended complaint are not presently a part of the dispute.  Further, "the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," not as they may exist if the Court were to permit CWL to amend its complaint.  *Lujan v. Defenders of Wildlife* , 504 U.S. 555, 571 n. 4 (1992).  Thus, the Court must

---

[2] CWL argues that the motion to dismiss should be denied as untimely, as it was filed after KYTC had already answered the complaint. However, because the Sixth Circuit has clearly stated that the issue of sovereign immunity is jurisdictional, the motion to dismiss is made pursuant to Fed. R. Civ. P. 12(b)(1). As such, the motion need not have been made before KYTC answered the complaint. Fed. R. Civ. P. 12(h)(3).

only consider the allegations in the complaint, which does not seek to enjoin Thomas but rather KYTC. Because such suits are barred by the Eleventh Amendment, the Court lacks subject matter jurisdiction over this dispute. *Russell*, 784 F.3d at 1046.

The question then becomes whether this Court can entertain CWL's motion to amend the complaint. KYTC argues that the Court must dismiss the action without considering the motion to amend, as it lacks subject matter jurisdiction over the dispute and thus the power to do anything other than dismiss the suit. CWL argues that it would be an abuse of this Court's discretion to dismiss the present action without considering the pending motion to amend. The Court agrees with KYTC and finds that the only action it may take is to dismiss the suit. "Without jurisdiction the court cannot proceed at all in any cause . . . the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 95 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). The Court cannot "assume subject matter jurisdiction" will exist after it considers and possibly grants the motion to amend the complaint, as the Court must presently possess subject matter jurisdiction over the dispute to have the authority to even consider the merits of the motion to amend. *Broad v. DKP Corp.*, 1998 WL 516113, at *4 (S.D.N.Y. Aug. 19, 1998) ("were I to ignore DKP's 12(b)(1) motion and instead turn to the cross motion to amend to assert a RICO claim and a new basis for jurisdiction, I would be engaging in a form of hypothetical jurisdiction . . . Because defendant's [12(b)(1)] motion must be granted for the reasons stated above, the action as a whole should be dismissed"). While some district courts have considered motions to amend the complaint that would give the court subject matter jurisdiction when none presently existed, this practice should be limited to attempts to "correct defective allegations of jurisdiction" when "jurisdiction actually existed at the time the complaint was filed." *Hartford Fire Ins. Co. v. Hendrick Auto. Grp.*, 2016 WL 3344380, at *3 (W.D.N.C. Jun. 13, 2016)

(citations omitted). Here, though, CWL has not defectively alleged subject matter jurisdiction where it otherwise existed at the time of the action's commencement. *See id.* (leave to amend granted to change named plaintiffs and defendants so as to create actual diversity). At the time of this action's commencement, the dispute was between CWL and KYTC. Under the Eleventh Amendment, the Court did not have subject matter jurisdiction over this dispute. As such, the Court cannot consider the motion to amend the complaint so as to create subject matter jurisdiction.[3] Thus, CWL must refile the action so that subject matter jurisdiction exists at the commencement of the suit.

### III. CONCLUSION

Therefore, for the reasons stated above, **IT IS HEREBY ORDERED** that the motion to dismiss by defendant KYTC (DN 12) is **GRANTED**. Because this Court lacks subject matter jurisdiction to consider plaintiff CWL's motion to amend the complaint (DN 15), the clerk is instructed to terminate the motion as active on the Court's docket. The case is **DISMISSED WITHOUT PREJUDICE**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 7, 2018

cc: counsel of record

---

[3] The Court is aware of one case within the Sixth Circuit in which the district court found subject matter jurisdiction lacking but then subsequently considered a motion to amend the complaint. *Venegas v. Wright State Univ.*, 2017 WL 3605438, at *4 (S.D. Ohio Aug. 21, 2017). However, the Court must respectfully disagree with the *Venegas* court's interpretation of the Sixth Circuit case cited in support of this position. The court cites to *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990), and its statement that "[a] dismissal under [Rule] 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." However, this statement appears in a discussion comparing the *res judicata* effect of dismissals made pursuant to Rules 12(b)(1) and 12(b)(6) and whether dismissal under either is with or without prejudice. It does not discuss the issue of amending a complaint after the Court has granted a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and the court's use of the word "repleading," rather than "amending," indicates that it envisioned the filing of a new action following a 12(b)(1) dismissal without prejudice. Thus, the Court does not believe that *Ohio Nat'l* allows it to consider the motion to amend after it has already found that it lacks subject matter jurisdiction.